IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEROME A. CLAY, JR.,

      Plaintiff,                    No. 2:13-cv-00338-KJM-GGH PS

      vs.

WELLS FARGO HOME MORTGAGE, N.A.,
FIRST AMERICAN TITLE INSURANCE CO.,

      Defendants.                <u>ORDER</u>

_____/

      Plaintiff, proceeding pro se, filed a motion for an ex parte temporary restraining order in the above-captioned action on February 21, 2013.  (ECF 1.)

      Plaintiff has not filed the documents required by Local Rule 231(c).  Specifically, plaintiff has not filed a brief on all legal issues presented by the motion; an affidavit in support of the existence of an irreparable injury; an affidavit detailing the notice to the affected parties or counsel or showing good cause why notice should not be given; a proposed temporary restraining order with a provision for a bond; a proposed order with blanks for fixing the time and date for hearing the motion, the date for filing responsive papers, the amount of the bond, if any, and the date and hour of issuance; and notification to the affected party of the right to apply to the court for modification or dissolution on two day's notice or such shorter notice as the court

1 may allow.  Plaintiff has in the alternative not alleged the impossibility of filing the above-listed
2 documents.

3 Moreover, because plaintiff did not comply with these requirements, the court
4 cannot adequately assess plaintiff's request for relief.  In determining whether to issue a
5 temporary restraining order, a court applies the factors that guide the evaluation of a request for
6 preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . .
7 likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities
8 tips in [its] favor, and . . . an injunction is in the public interest."  *Winter v. Natural Res. Def.*
9 *Council, Inc.*, 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240
10 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and
11 preliminary injunctions is "substantially identical").  The court lacks sufficient information to
12 determine whether plaintiff is likely to succeed on the merits or will suffer immediate irreparable
13 harm.  A temporary restraining order may be issued upon a showing "that immediate and
14 irreparable injury, loss, or damage will result to the movant before the adverse party can be heard
15 in opposition."  FED. R. CIV. P. 65(b)(1)(A).  The purpose of such an order is to preserve the
16 status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no
17 longer."  *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

18 For these reasons, plaintiff's request is DENIED.  If plaintiff wishes to proceed
19 with his request for a temporary restraining order, he is hereby ordered to file the above-listed
20 documents by **March 1, 2013**.

21 IT IS SO ORDERED.
22 DATED: February 21, 2013.

_____
UNITED STATES DISTRICT JUDGE