1
2
3
4
5
6
7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEROME A. CLAY, JR.,

11           Plaintiff,                     No. 2:13-cv-00338-KJM-GGH

12       vs.

13   WELLS FARGO HOME MORTGAGE, N.A.,
     FIRST AMERICAN TITLE INSURANCE CO.,
14
             Defendants.                    ORDER
15
     _____/
16

17           Plaintiff, proceeding pro se, filed a motion for an ex-parte temporary restraining

18   order in the above-captioned action on February 21, 2013.  (ECF 1.)  That same day, this court

19   denied the motion without prejudice because plaintiff did not file all the necessary documents.

20   (ECF 3.)  On February 25, 2013, plaintiff refiled the motion, this time complying with the

21   requirements of Local Rule 231.  (ECF 4.)  For the reasons stated below, plaintiff's motion is

22   GRANTED IN PART and the trustee's sale scheduled for February 26, 2013 is temporarily

23   enjoined.

24   I.      FACTUAL BACKGROUND

25           Plaintiff is mortgagor and resident of the single-family home located at 4143

26   Riverbrook Court, Stockton, California 95219, APN number 16-520-05 (the "property").  (Decl.

1

1  of Jerome A. Clay ¶¶ 1-3 ("Clay Decl."), ECF 4 at 3.)  On a date unknown, plaintiff received a

2  copy of a notice of a trustee's sale of the property.  (*Id.* ¶ 4.)  The notice, which does not contain

3  a date of issuance, informed plaintiff that a sale of his property would occur on February 26,

4  2013. (Ex.1, Clay Decl., ECF 4 at 8.)  The notice identifies defendant First American Title

5  Insurance Company as trustee.[1]  (*Id.*)  Plaintiff seeks this temporary restraining order and a

6  preliminary injunction to enjoin this sale.  (Mem. in Supp. of Mot. at 1, 3, ECF 4-1.)

7          Plaintiff pleads nine causes of action, but supports only the following three claims

8  in his memorandum in support of this motion: violations of 1) the Truth in Lending Act

9  ("TILA"); 2) California Civil Code § 2924g; and 3) California Civil Code § 2924.8(a).  Plaintiff

10  does not state exactly how any defendant has violated TILA.  It appears to the court that he bases

11  his TILA claim on the violations of the California Civil Code provisions he relies on elsewhere

12  in his briefing.  (ECF 4-1 at 2-3.)

13          Plaintiff's second argument, based on his claim of violation of California Civil

14  Code § 2924g, is supported by imprecise and apparently contradictory facts.  Plaintiff asserts in

15  his declaration that the notice of the trustee's sale was recorded in the Office of the County

16  Recorder of San Joaquin County.  (Clay Decl. ¶ 4.)  Plaintiff then declares: "Even though the

17  sale has been postponed for more than 365 days, Defendant has not recorded a new Notice of

18  Trustee's Sale." (*Id.*)  Plaintiff alleges this violates Civil Code § 2924g.  In his memorandum in

19  support of the motion, plaintiff additionally asserts that the "Notice of Trustee's Sale was

20  recorded on July 17, 2009 and postponed since that date without being recorded." (ECF 4-1 at

21  3.)  These nonspecific assertions about notices, without reference to which notice was received

22  on what date, and the lack of date on the notice attached to the motion informing plaintiff of a

23  trustee's sale on February 26, 2013, leave the court without a clear understanding of the time line

24  of relevant events.

25

26       [1] Plaintiff does not indicate how the other named defendant in this action, Wells Fargo Home Mortgage, N.A., is involved in the events underlying the present motion.

1    Plaintiff also asserts that "[d]efendant has not posted and mailed to me a notice of

2  compliance with the provisions of Civil Code 2924.8(a).  (*Id.* ¶ 5 (emphasis omitted).)  In his

3  memorandum, plaintiff explains he has not received the notice twenty days before the scheduled

4  sale.  (ECF 4-1 at 3.)

5  II.    STANDARD

6    In determining whether to issue a temporary restraining order, a court applies the

7  factors that guide the evaluation of a request for preliminary injunctive relief: whether the

8  moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the

9  absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction

10  is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see*

11  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating

12  that the analysis for temporary restraining orders and preliminary injunctions is "substantially

13  identical").   A temporary restraining order may be issued upon a showing "that immediate and

14  irreparable injury, loss, or damage will result to the movant before the adverse party can be heard

15  in opposition."  FED. R. CIV. P. 65(b)(1)(A).  The purpose of such an order is to preserve the

16  status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no

17  longer."  *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974).

18  III.   ANALYSIS

19    The court finds that plaintiff has met his burden in requesting a temporary

20  restraining order in one respect.  Plaintiff is likely to succeed on the merits of his claim under

21  Civil Code 2924.8(a); plaintiff has sufficiently demonstrated he is likely to suffer irreparable

22  harm; and the balance of equities and the public interest favor granting a temporary restraining

23  order.

24  /////

25  /////

26  /////

1    A.      Success on the Merits

2            1.      Truth in Lending Act ("TILA")

3            Plaintiff's TILA claim is not intelligible.  Plaintiff claims TILA establishes two

4    conditions that a creditor must meet: "(1) creditor must have disclosed all of the information

5    required by statute and (2) the disclosures must have been true."  (ECF 4-1 at 2-3 (citing *Barrer*

6    *v. Chase Bank USA, N.A.*, 566 F.3d 883, 887 (9th Cir. 2009)).)  *Barrer* involves a class action

7    suit against a credit card provider.  *Barrer*, 566 F.3d at 885-86.  The language plaintiff cites from

8    that case is language from the Third Circuit's interpretation of a "Regulation Z."  *Id.* at 887

9    (quoting *Rossman v. Fleet Bank (R.I.) Nat'l Ass'n*, 280 F.3d 384, 391 (3d Cir. 2002)).  Plaintiff

10   here does not plead or otherwise provide any facts from which a violation of "Regulation Z"

11   could reasonably be inferred, because the purpose of that regulation "is to promote the informed

12   use of consumer credit by requiring disclosures about its terms and cost."  12 C.F.R. § 226.1(b).

13   Plaintiff has no likelihood of success on this claim.

14           2.      Civil Code § 2924g

15           Plaintiff asserts an original notice of a trustee's sale was recorded on July 17,

16   2009 (ECF 4-1 at 3), but a new notice was never recorded (Clay Decl. ¶ 4).  Civil Code § 2924g

17   requires a trustee to provide a new notice of a sale when the sale has been postponed for more

18   than 365 days.  Cal. Civ. Code § 2924g(c)(2).  The new notice must conform with the procedures

19   prescribed in § 2924f.  *Id.*  Yet in his declaration plaintiff says the notice of the trustee's sale

20   attached as Exhibit 1 was "recorded in the Office of the County Recorder of San Joaquin

21   County."  (Clay Decl. ¶ 4.)  These assertions can mean only one of two things: the attached

22   notice of the February 26, 2013 sale is the original notice recorded on July 17, 2009 – in which

23   case plaintiff knew of this impending sale for over three years and is only acting now -- or the

24   attached notice of the February 26, 2013 sale is the new notice informing plaintiff of the sale.

25   Either way, plaintiff is not likely to prevail on this claim, because plaintiff "could have sought

26   relief by motion for preliminary injunction at an earlier date without the necessity for seeking a

1   temporary restraining order," L.R. 231, or because plaintiff asserts in contradictory fashion that

2   the notice attached to this pending motion was in fact recorded in the San Joaquin County

3   Recorder's Office.

4              3.      Civil Code § 2924.8(a)

5              Plaintiff's final argument in support of the present motion is based on the claim

6   that the notice of trustee's sale is defective because it was not sent to plaintiff twenty days prior

7   to the sale, in violation of Civil Code § 2924.8(a).  (Clay Decl. ¶ 4; ECF 4-1 at 3.)  That

8   provision requires the trustee to post a notice of sale as provided by § 2924f, which in turn

9   requires that "[a] copy of the notice of sale . . . be posted in a conspicuous place on the property

10  to be sold at least 20 days before the date of sale . . . If the property is a single-family residence

11  the posting shall be on a door of the residence . . . ."  Cal. Civ. Code § 2924f(b)(1).  Plaintiff

12  declares under penalty of perjury that defendants never complied with this law.  (Clay Decl. ¶ 5.)

13  On this record, it is likely plaintiff will prevail on this claim.

14             However, plaintiff has demonstrated only that the trustee does not have the

15  authority to proceed with the sale on February 26, 2013.  Plaintiff has not demonstrated that at

16  most more than temporary relief during the pendency of this case is warranted.  *Villarreal v.*

17  *Onewest Bank, FSB*, No. 2:10-cv-00781-GEB-KJM, 2010 WL 1416760, at *4 (E.D. Cal. Apr. 8,

18  2010) (citing *Gonzalez v. Wells Fargo Bank*, No. C 09-02444 MHP, 2009 WL 3572118, at *6

19  (N.D. Cal. Oct. 30, 2009) ("Failure to comply with [Cal. Civ. Code § 2924f(b)(1)] would require

20  [a] court to set aside the nonconforming portion of the foreclosure proceedings and force

21  defendants to provide [plaintiff] with proper notice.")); 4 Harry D. Miller & Marvin B. Starr,

22  California Real Estate § 10:199 (3d ed. 2012) ("[I]f the notices are given for a date of sale within

23  the 20-day period, it is not necessary to start the proceedings over again . . . [T]he sale can be

24  postponed to a date that is beyond the required 20-day period.")).

25  /////

26  /////

B.     Irreparable Harm

Plaintiff has provided a declaration stating that he will suffer irreparable harm if injunctive relief is not granted.  Plaintiff asserts he will lose his original down payment, all mortgage payments, and other monies, and "[w]orst of all, [he] will lose [his] home and will be rendered homeless."  (Clay Decl. ¶ 3, ECF 4-2.)  "With respect to irreparable injury, a plaintiff's loss of her residence is usually sufficient to satisfy this element."  *Kilgore v. Wells Fargo Home Mortg.*, No. 1:12-CV-00899 AWI, 2012 WL 2195656, at *1 (E.D. Cal. June 13, 2012) (citing *Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust,* 636 F.3d 1150 (9th Cir. 2011)).  Plaintiff has satisfied this factor.

C.     Balance of the Equities and the Public Interest

A temporary restraining order will only delay the trustee sale of the property until defendant has complied with the twenty-day notice rule under § 2924f(b)(1).  As defendants could have conducted a trustee's sale on the property since such a notice was first recorded on July 17, 2009 (ECF 4-1 at 3), this slight further delay will pose little prejudice to defendants. Furthermore, it is "evident that the balance of equities and the public interest favor the issuance of a TRO that upholds the procedural requirements applicable to non-judicial foreclosures." *Villarreal*, 2010 WL 1416760, at *5.  This prong is also satisfied.

IV.    CONCLUSION

Plaintiff's motion for a temporary restraining order is GRANTED IN PART. Defendants are enjoined from conducting the sale of 4143 Riverbrook Court, Stockton,

/////

/////

/////

/////

/////

/////

1   California 95219, APN number 16-520-05, until the expiration of the twenty day period imposed

2   by California Civil Code § 2924f(b)(1).  The court further orders:

3       1.     A hearing on plaintiff's motion for a preliminary injunction will be held on March

4             14, 2013 at 2:30 p.m;

5       2.     Defendants shall file their opposition by March 9, 2013; and

6       3.     Plaintiff shall file any reply by March 12, 2013.

7        IT IS SO ORDERED.

8   DATED:  February 25, 2013.

9

10  _____

11  UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26