IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEROME A. CLAY, JR.,

    Plaintiff,

vs.

WELLS FARGO HOME MORTGAGE, N.A.,
FIRST AMERICAN TITLE INSURANCE CO.,

    Defendants.

No. 2:13-cv-00338-KJM-GGH

<u>ORDER</u>

/

    Plaintiff, proceeding pro se, filed a motion for an ex parte temporary restraining order and preliminary injunction in the above-captioned action on February 21, 2013. (ECF 1.) This court granted in part the motion for a temporary restraining order and set a March 14, 2013 hearing date on the motion for a preliminary injunction. (ECF 6.) At hearing, Jerome A. Clay, Jr., appeared pro se; Magdalena Kozmska appeared for defendant Wells Fargo and appeared specially for defendant First American Title Insurance Co. ("defendants"). For the reasons stated below, plaintiff's motion for a preliminary injunction is DENIED without prejudice.

/////

/////

1

I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is mortgagor and resident of the single-family home located at 4143 Riverbrook Court, Stockton, California 95219, APN number 16-520-05 (the "property"). (Decl. of Jerome A. Clay ¶¶ 1-3 ("Clay Decl.") ECF 4 at 3.) On a date unknown, plaintiff received a copy of a notice of a trustee's sale of the property. (*Id.* ¶ 4.) The notice, which does not contain a date of issuance, informed plaintiff that a sale of his property would occur on February 26, 2013. (Ex.1, Clay Decl., ECF 4 at 8.) The notice identifies First American Trustee Servicing Solutions, LLC, as the trustee conducting the sale.[1] (*Id.*) Plaintiff was granted a temporary restraining order and now seeks a preliminary injunction to enjoin this sale. (Mem. in Supp. of Mot. at 1, 3, ECF 4-1.)

Plaintiff pleads nine causes of action in his original complaint. His motion for a temporary restraining order was based on the following three claims: violations of 1) the Truth in Lending Act ("TILA"); 2) California Civil Code § 2924g; and 3) California Civil Code § 2924.8(a). (ECF 4-1.) The court found plaintiff was unlikely to prevail on the first two claims, but concluded plaintiff had demonstrated a sufficient likelihood of prevailing on the third claim and granted in part plaintiff's motion on that basis. (Order at 5, ECF 6.) On the record presented by plaintiff's ex parte motion, the court found it appeared that defendants had not complied with California Civil Code § 2924.8(a), which requires notice of a trustee's sale be provided the homeowner twenty days prior to the sale. Plaintiff declared under penalty of perjury that he never received this notice. (Clay Decl. ¶ 5.) Thus, the court temporarily enjoined the trustee's sale until the expiration of the twenty-day period prescribed by section 2924.8 and until the court

---

[1] In the court's order granting a temporary restraining order (ECF 6 at 2), the court mistakenly read the trustee's notice to identify First American Title Insurance Company ("FATIC"), named defendant in this action, as the trustee conducting the contested sale. FATIC is named in the notice as the entity requesting recording, not as the trustee. (Ex. 1, Clay Decl.) The notice identifies First American Trustee Servicing Solutions, LLC ("FATSS") as the trustee. (*Id.*) Defendant FATIC notes in its opposition to the present motion that FATSS, while an entity related to FATIC, is not a named party. (ECF 7 at 4.)

could hold a hearing on the motion for a preliminary injunction. (ECF 6 at 6-7.) The court then set March 14, 2013, as the hearing date for plaintiff's motion for a preliminary injunction, ordering defendants to file an opposition by March 9, 2013, and plaintiff to file a reply by March 12, 2013.

On March 7, 2013 plaintiff filed a first amended complaint and a document styled as a brief in support of ex parte motion for temporary restraining order and motion for preliminary injunction. (ECF 10, 11.) Defendant FATIC filed an opposition on March 8, 2013; plaintiff filed his reply March 12, 2013.

II.     STANDARD

Injunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the moving party is entitled to such relief. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). As provided by Federal Rule of Civil Procedure 65, a court may issue a preliminary injunction to preserve the relative position of the parties pending a trial on the merits. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). The party seeking injunctive relief must show it "is likely to succeed on the merits, . . . is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20.

Before the *Winter* decision, the Ninth Circuit employed a "sliding scale" or "serious questions" test, which allowed a court to balance the elements of the test "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citing *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)). Recently, the Circuit has found that its "serious question" sliding scale test survived *Winter*: a court may issue a preliminary injunction when the moving party raises serious questions going to the merits and demonstrates that the balance of hardships tips sharply in its favor, so long as the court also considers the remaining two prongs of the *Winter* test. *Cottrell*, 632 F.3d at 1134-35. However, a court need not reach

the other prongs if the moving party cannot as a threshold matter demonstrate a "fair chance of success on the merits." *Pimentel v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) (quoting *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2008)) (internal quotations omitted).

An amended complaint typically supersedes the original complaint. *Pacific Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009) (citing 6C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1476, at 556–557 (2d ed. 1990)). When a plaintiff files an amended complaint, courts must treat the original complaint as withdrawn and completely superseded. *A.R. Int'l Anti-Fraud Sys., Inc. v. Pretoria Nat'l Cent. Bureau of Interpol*, 634 F. Supp. 2d 1108, 1119 (E.D. Cal. 2009) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)).

III. ANALYSIS

The court granted the February 25, 2013 Temporary Restraining Order ("TRO") based on plaintiff's cause of action under California Civil Code § 2924.8. (ECF 6 at 5.) Section 2924.8 applies only if "the billing address for the mortgage note is different than the property address." CAL. CIV. CODE § 2924.8(d). Plaintiff did not allege his billing address is different from the property address, and at hearing he conceded they are the same.

Moreover, plaintiff's first amended complaint lacks the cause of action on which the TRO was based, as well as the other two causes of action offered in support of the original TRO. (ECF 10.) As the amended complaint supersedes the original complaint, and the asserted basis for the preliminary injunction is no longer before the court, the pending motion is moot.

IV. CONCLUSION

Plaintiff's motion for a preliminary injunction is DENIED. The temporary restraining order is VACATED. If plaintiff wishes to seek preliminary injunctive relief based on

/////

/////

/////

4

1  the amended complaint, he may file a new motion meeting the requirements of Local Rule 231
2  by March 28, 2013.
3          IT IS SO ORDERED.
4  DATED: March 21, 2013.

                                     _____
                                     UNITED STATES DISTRICT JUDGE