1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEROME A. CLAY, JR.,

12          Plaintiff,                    No. 2:13-cv-00338-KJM-GGH

13      vs.

14   WELLS FARGO HOME MORTGAGE, N.A.,
     FIRST AMERICAN TITLE INSURANCE CO.,

15          Defendants.                   ORDER

16   _____/

17

18          Plaintiff, proceeding pro se, filed a motion for an ex parte temporary restraining

19   order and preliminary injunction in the above-captioned action on February 21, 2013.  (ECF 1.)

20   This court granted in part the motion for a temporary restraining order and set a March 14, 2013

21   hearing date on the motion for a preliminary injunction.  (ECF 6.)  At hearing, Jerome A. Clay,

22   Jr., appeared pro se; Magdalena Kozmska appeared for defendant Wells Fargo and appeared

23   specially for defendant First American Title Insurance Co. ("defendants").  For the reasons

24   stated below, plaintiff's motion for a preliminary injunction is DENIED without prejudice.

25   /////

26   /////

1

1    I.        FACTUAL AND PROCEDURAL BACKGROUND

2                   Plaintiff is mortgagor and resident of the single-family home located at

3    4143 Riverbrook Court, Stockton, California 95219, APN number 16-520-05 (the "property").

4    (Decl. of Jerome A. Clay ¶¶ 1-3 ("Clay Decl.") ECF 4 at 3.)  On a date unknown, plaintiff

5    received a copy of a notice of a trustee's sale of the property.  (*Id.* ¶ 4.)  The notice, which does

6    not contain a date of issuance, informed plaintiff that a sale of his property would occur on

7    February 26, 2013.  (Ex.1, Clay Decl., ECF 4 at 8.)  The notice identifies First American Trustee

8    Servicing Solutions, LLC, as the trustee conducting the sale.[1]  (*Id.*)  Plaintiff was granted a

9    temporary restraining order and now seeks a preliminary injunction to enjoin this sale.  (Mem. in

10   Supp. of Mot. at 1, 3, ECF 4-1.)

11                  Plaintiff pleads nine causes of action in his original complaint.  His motion for a

12   temporary restraining order was based on the following three claims: violations of 1) the Truth in

13   Lending Act ("TILA"); 2) California Civil Code § 2924g; and 3) California Civil Code

14   § 2924.8(a).  (ECF 4-1.)  The court found plaintiff was unlikely to prevail on the first two claims,

15   but concluded plaintiff had demonstrated a sufficient likelihood of prevailing on the third claim

16   and granted in part plaintiff's motion on that basis.  (Order at 5, ECF 6.)  On the record presented

17   by plaintiff's ex parte motion, the court found it appeared that defendants had not complied with

18   California Civil Code § 2924.8(a), which requires notice of a trustee's sale be provided the

19   homeowner twenty days prior to the sale.  Plaintiff declared under penalty of perjury that he

20   never received this notice.  (Clay Decl. ¶ 5.)  Thus, the court temporarily enjoined the trustee's

21   sale until the expiration of the twenty-day period prescribed by section 2924.8 and until the court

22

23        [1] In the court's order granting a temporary restraining order (ECF 6 at 2), the court
     mistakenly read the trustee's notice to identify First American Title Insurance Company
24   ("FATIC"), named defendant in this action, as the trustee conducting the contested sale.  FATIC
     is named in the notice as the entity requesting recording, not as the trustee.  (Ex. 1, Clay Decl.)
25   The notice identifies First American Trustee Servicing Solutions, LLC ("FATSS") as the trustee.
     (*Id.*)  Defendant FATIC notes in its opposition to the present motion that FATSS, while an entity
26   related to FATIC, is not a named party.  (ECF 7 at 4.)

1   could hold a hearing on the motion for a preliminary injunction.  (ECF 6 at 6-7.)  The court then

2   set March 14, 2013, as the hearing date for plaintiff's motion for a preliminary injunction,

3   ordering defendants to file an opposition by March 9, 2013, and plaintiff to file a reply by

4   March 12, 2013.

5            On March 7, 2013 plaintiff filed a first amended complaint and a document styled

6   as a brief in support of ex parte motion for temporary restraining order and motion for

7   preliminary injunction.  (ECF 10, 11.)  Defendant FATIC filed an opposition on March 8, 2013;

8   plaintiff filed his reply March 12, 2013.

9   II.    STANDARD

10           Injunctive relief is an extraordinary remedy that may only be awarded upon a

11  clear showing that the moving party is entitled to such relief.  *Winter v. Natural Res. Def.*

12  *Council, Inc.*, 555 U.S. 7, 22 (2008).  As provided by Federal Rule of Civil Procedure 65, a court

13  may issue a preliminary injunction to preserve the relative position of the parties pending a trial

14  on the merits.  *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).  The party seeking

15  injunctive relief must show it "is likely to succeed on the merits, . . . is likely to suffer irreparable

16  harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that

17  an injunction is in the public interest."  *Winter*, 555 U.S. at 20.

18           Before the *Winter* decision, the Ninth Circuit employed a "sliding scale" or

19  "serious questions" test, which allowed a court to balance the elements of the test "so that a

20  stronger showing of one element may offset a weaker showing of another."  *Alliance for the Wild*

21  *Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citing *Clear Channel Outdoor, Inc. v.*

22  *City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)).  Recently, the Circuit has found that its

23  "serious question" sliding scale test survived *Winter*: a court may issue a preliminary injunction

24  when the moving party raises serious questions going to the merits and demonstrates that the

25  balance of hardships tips sharply in its favor, so long as the court also considers the remaining

26  two prongs of the *Winter* test.  *Cottrell*, 632 F.3d at 1134-35.  However, a court need not reach

3

1  the other prongs if the moving party cannot as a threshold matter demonstrate a "fair chance of

2  success on the merits." *Pimentel v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) (quoting

3  *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2008)) (internal quotations omitted).

4          An amended complaint typically supersedes the original complaint. *Pacific Bell*

5  *Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009) (citing 6C Charles Alan

6  Wright & Arthur R. Miller, Federal Practice & Procedure § 1476, at 556–557 (2d ed. 1990)).

7  When a plaintiff files an amended complaint, courts must treat the original complaint as

8  withdrawn and completely superseded. *A.R. Int'l Anti-Fraud Sys., Inc. v. Pretoria Nat'l Cent.*

9  *Bureau of Interpol*, 634 F. Supp. 2d 1108, 1119 (E.D. Cal. 2009) (citing *Ferdik v. Bonzelet*, 963

10  F.2d 1258, 1262 (9th Cir. 1992)).

11  III.    ANALYSIS

12          The court granted the February 25, 2013 Temporary Restraining Order ("TRO")

13  based on plaintiff's cause of action under California Civil Code § 2924.8.  (ECF 6 at 5.)  Section

14  2924.8 applies only if "the billing address for the mortgage note is different than the property

15  address."  CAL. CIV. CODE § 2924.8(d).  Plaintiff did not allege his billing address is different

16  from the property address, and at hearing he conceded they are the same.

17          Moreover, plaintiff's first amended complaint lacks the cause of action on which

18  the TRO was based, as well as the other two causes of action offered in support of the original

19  TRO.  (ECF 10.)  As the amended complaint supersedes the original complaint, and the asserted

20  basis for the preliminary injunction is no longer before the court, the pending motion is moot.

21  IV.    CONCLUSION

22          Plaintiff's motion for a preliminary injunction is DENIED.  The temporary

23  restraining order is VACATED.  If plaintiff wishes to seek preliminary injunctive relief based on

24  /////

25  /////

26  /////

1  the amended complaint, he may file a new motion meeting the requirements of Local Rule 231

2  by March 28, 2013.

3          IT IS SO ORDERED.

4  DATED: March 21, 2013.

6                                          UNITED STATES DISTRICT JUDGE